UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10053-RGS

SEAN E. JELEN

v.

WILLIAM A. VISOVICH, JAIME BOWER, SUSAN JELEN, and QUEENS COUNTY CLERK

MEMORANDUM AND ORDER

January 15, 2019

For the reasons stated below, the court denies plaintiff's motions for preliminary injunction and to proceed *in forma pauperis*. If plaintiff wishes to proceed with this action, he must file an Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a certified copy of his prison account statement.

BACKGROUND

On January 9, 2019, plaintiff Sean E. Jelen, an inmate now in custody at FMC Devens, filed his self-prepared complaint. With the complaint, Jelen filed motions for preliminary injunction and to proceed *in forma pauperis*. The complaint names as defendants a New York judge (William Viscovich), a New York court-appointed attorney (Jaime Bower), Jelen's spouse who resides in Pennsylvania (Susan Jelen), and an unnamed clerk of Queens

County, New York. Jelen contends that this Massachusetts federal court has both federal question jurisdiction as well as diversity jurisdiction. With the complaint, Jelen filed motions to proceed *in forma pauperis* and preliminary injunctive relief.

Jelen's 84-page, handwritten complaint concerns a number of actions and inactions by the defendants during matrimonial and/or child custody proceedings in New York. Jelen alleges civil rights violations and contends that he is not seeking this federal court's intervention in the state matrimonial case. Jelen contends that he is unable to overcome certain obstacles in the New York litigation and seeks relief for the alleged violation of his right to due process and access to the courts. For relief, Jelen seeks to have this court (1) enjoin the defendant judge and attorney from contacting Jelen for 90 days; (2) order the defendant judge to provide Jelen with instructions, rules of procedure and forms; (3) order the attorney to provide Jelen with the file related to Jelen's minor child; and (4) order the defendant county clerk to provide Jelen with all filing instructions for court papers. *See* Complaint, page 78-79.

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Jelen previously filed a complaint against Judge Viscovich and attorney Bower in the United States District

Court for the Eastern District of New York which was *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction. *See Jelen, et al. v. Viscovich, et al.*, No. 18-2814 (E.D.N.Y Jun. 1, 2018), appeal filed, No. 18-1809 (2d Cir. Jun. 18, 2018).

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Jelen's complaint includes the same request for relief as found in his motion for preliminary injunctive relief. Jelen seeks to have this court (1) enjoin the defendant judge and defendant attorney from contacting Jelen for 90 days; (2) order the defendant judge to provide Jelen with instructions, rules of procedure and forms; and (3) order the defendant attorney to provide Jelen with the file related to Jelen's minor child.

Preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on the defendant. *See* Fed. R. Civ. P. 65(a)(1). To the extent Plaintiff seeks an *ex parte* temporary restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b). A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the Court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Court notes that there is no certification in writing of any effort Jelen has made to provide at least informal notice to the defendants Viscovich and Bower, and there are no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. *See* Fed. R. Civ P. 65(a)(1).

In addition to notice to the adverse parties, motions for injunctive relief must be accompanied by a memorandum in support addressing the four requirements for injunctive relief: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves-Marquez v. Puerto Rico*, 353 F. 3d 108, 120 (1st Cir. 2003). In order to secure injunctive relief, Jelen must establish that he is likely to succeed on his claims. This he has not done.

Here, Jelen's complaint is likely subject to dismissal for many of the same reasons outlined in the June 1, 2018 sua sponte dismissal of the complaint he filed in the Eastern District of New York. Because the Court finds that Jelen has not shown a reasonable likelihood of success on the merits, the Court does not need to reach the other factors in determining whether to issue a temporary restraining order. *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10 (1st Cir. 2012).

## FILING FEE

Jelen filed a handwritten application to proceed *in forma pauperis*, however, it is not signed under the pains and penalties of perjury. Any plaintiff moving to proceed without prepayment of the filing fee must submit an affidavit that "includes a statement of all assets such prisoner possesses [showing] that the person is unable to pay such fees or give security therefor" and "state[s] the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the

5

appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed on grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. S 1915(g). In such cases, a prisoner litigant may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

If Jelen wishes to proceed with the instant action, he will be granted additional time either to (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.

ORDER

For the foregoing reasons, it is hereby ORDERED

1. Plaintiff's Motion for Preliminary Injunction is DENIED; and

2. Plaintiff's Motion to proceed *in forma pauperis* is DENIED. If plaintiff wishes to proceed with this action, within 28 days of this Memorandum and Order, plaintiff either shall (i) pay the $400.00 filing and administrative fees; or (ii) file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs and a certified copy of his prison account statement. Failure of the plaintiff to comply with these directives may result in the dismissal of this action.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE