UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10053-RGS

SEAN E. JELEN

v.

WILLIAM A. VISOVICH, JAIME BOWER, SUSAN JELEN, and QUEENS COUNTY CLERK

MEMORANDUM AND ORDER OF DISMISSAL

February 1, 2019

For the reasons stated below, the court denies plaintiff's motions for temporary restraining order and to proceed *in forma pauperis* and the case is dismissed on the grounds of *Younger* abstention.

RELEVANT BACKGROUND

Plaintiff Sean E. Jelen, an inmate now in custody at FMC Devens, initiated this action on January 9, 2019, by filing a complaint against a New York judge (William Viscovich), a New York court-appointed attorney (Jaime Bower), Jelen's spouse who resides in Pennsylvania (Susan Jelen), and an unnamed clerk of Queens County, New York. Jelen contends that this Massachusetts federal court has both federal question jurisdiction as well as diversity jurisdiction. *See* Docket No. 1. With his complaint, Jelen filed

motions to proceed *in forma pauperis* and for preliminary injunctive relief. *See* Docket Nos. 2, 3.

On January 15, 2019, this court denied Jelen's motion for preliminary injunction and noted that his complaint is likely subject to dismissal for many of the same reasons outlined in the dismissal of *Jelen, et al. v. Viscovich, et al.*, No. 18-2814 (E.D.N.Y Jun. 1, 2018), *appeal filed*, No. 18-1809 (2d Cir. Jun. 18, 2018). *See* Docket No. 6.

The court also denied Jelen's motion for leave to proceed *in forma pauperis* because it was not signed under the pains and penalties of perjury and was not accompanied by a certified copy of his prison account statement as required by 28 U.S.C. §§ 1915(a)(1), (2). *Id.* The Order granted Jelen 28 days to file a renewed motion accompanied by his prison account statement and explicitly advised plaintiff that a failure "to comply with these directives may result in the dismissal of this action." *Id.*

Now before the court are Jelen's motion for temporary restraining order, renewed motion to proceed *in forma pauperis* and supplemental complaint. *See* Docket Nos. 7 - 9.

## DISCUSSION

As an initial matter, the court notes that Jelen failed to submit a copy of his prison account statement, despite the statutory requirement that a

prisoner plaintiff's request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Because of this, his motion for leave to proceed *in forma pauperis* must be denied. Although it is a long-established principle that this court has the authority to *sua sponte* dismiss an action due to a plaintiff's failure to follow an order of the court, *see* Fed. R. Civ. P. 41(b), this action will not be dismissed based on Jelen's failure either to provide a copy of his prison account statement as ordered by the court or an explanation as to why it has not been provided.

As to the motion for temporary restraining order, Jelen again complains of the violation of his constitutional rights in a civil proceeding in New York State and now seeks to enjoin the sale of properties located in New York and Pennsylvania. *See* Docket No. 8. Although Jelen argues that the defendant New York judge "threatened to execute the sale of plaintiff's homes, and other assets, unless plaintiff performs actions which he has no means of doing so, due to his incarceration," *id.* at ¶ 6A, Jelen has not shown a reasonable likelihood of success on the merits.

Presuming this court otherwise has jurisdiction, the court will abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37, 46 (1971). A federal court must abstain from reaching the merits of a case over which it has jurisdiction "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his claims." *Colonial Life & Accidental Ins. Co. v. Medley*, 572 F.3d 22, 26 (1st Cir. 2009). When the three-part test is satisfied, the *Younger* doctrine "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). The "exceptions to *Younger*'s policy of abstention have been very narrowly construed by the [Supreme] Court." *Cobb v. Supreme Judicial Court of Massachusetts*, 334 F.Supp.2d 50, 53 (D. Mass. 2004) (citing *United Books, Inc. v. Conte*, 739 F.2d 30, 34 (1st Cir. 1984).

Despite Jelen's argument to the contrary, this court finds that Jelen has an adequate opportunity to raise his federal claims in the state proceeding. As all of the requirements for *Younger* abstention are met without any applicable exceptions, abstention is mandatory. *See Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 (1st Cir. 2012).

## ORDER

For the foregoing reasons, it is hereby ORDERED

1. Plaintiff's Motion for Temporary Restraining Order is DENIED;

2. Plaintiff's Motion to proceed *in forma pauperis* is DENIED; and

3. This action is DISMISSED on the grounds of *Younger* abstention, and the Clerk is directed enter a separate Order of Dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE